Merrimack, }
Dec., 1898. }

ROLFE & a. v. BOSTON & MAINE RAILROAD & a.

A railroad company which permits a shipper to maintain a fire in a freight car is liable for injuries to third persons resulting from its negligent management.

The admissions of an agent resulting fairly from the exigencies of the business he is employed to transact may be given in evidence against his principal.

In the assessment of damages for the negligent destruction of property by fire, the amount of insurance paid to the plaintiff is not to be deducted from his total loss.

CASE, for negligently managing a fire in a car on the railroad's property, whereby the plaintiff's storehouse was burned. The defendant Sargent contracted with the railroad to transport a carload of potatoes for him, and agreed that it should not be liable for damages arising from heat or cold. The contract gave him the entire control of the interior of the car. He maintained a fire therein which the evidence tended to show was negligently managed, thereby causing the injury complained of. The railroad's station agent and yard-master knew there was a fire in the car. The jury were instructed that if Sargent was liable the railroad was liable also. To this instruction the railroad excepted.

Sargent employed one Griffin to hire a stove and have charge of the same while in the car. Subject to the defendants' exception, the lender of the stove testified as follows: "Before the fire Griffin came to me and said he had broken the stove; that it was broken clear across the bottom, and he supposed he would have to buy it. He told me how it got broken."

The plaintiffs received one thousand dollars insurance on the property burned. The defendants excepted to the refusal to instruct the jury that the amount of the insurance was to be deducted from the total loss in the assessment of damages.

*Willis G. Buxton* and *Sargent & Niles*, for the plaintiffs.

*Frank S. Streeter*, for the Boston & Maine Railroad.

*Albin, Martin & Howe*, for Sargent.

PEASLEE, J. It was a part of the railroad's duty to so conduct its business as not to negligently injure the property of others.

Heating the car was a reasonable and necessary thing to do. Without it the potatoes could not have been safely transported. It was a part of the actual operation of the road, and cannot be separated from it, so far as the rights of third persons are concerned, by any contract between the railroad and the shipper. If the defendants' contention were law, one to whom extraordinary powers have been granted might avoid all liability for the negligent exercise of the same by contracting for their exercise by some irresponsible person. *Nelson* v. *Railroad*, 26 Vt. 717, 721. The rule is the same for this corporation that it would be for an individual. It is not because it is a corporation, but because it exercises powers not given to men in general, that liability attaches. The state has granted it the franchise to operate a railroad. With this right went the duty to so carry on the business that third persons should not be negligently injured thereby. The railroad could not delegate its whole franchise to Sargent. *Pierce* v. *Emery*, 32 N. H. 484, 504, 508; *State* v. *Hayes*, 61 N. H. 264, 324. If it could not delegate the whole, it could not any part of it. Heating this car was a part of the operation of the road,— a part of the exercise of the franchise granted by the legislature. By whoever done, it was, as to third parties, the act of the railroad, for which it is responsible.

Sargent authorized Griffin to hire a stove and use it in the car. While so using it, he stated to the owner that it had been broken. "Such an admission results fairly from the exigencies of the business the agent is employed to transact, and is clearly a part of it, and, to every intent, the act of the principal himself." *Batchelder* v. *Emery*, 20 N. H. 165, 166; *Lyman* v. *Railroad*, 58 N. H. 384, 385.

The request to instruct the jury that the damages to be recovered were to be reduced by deducting from the whole loss the amount of insurance received by the plaintiffs was properly denied. "His equitable claim to a reduction of damages, if he could have any, would spring from the fact that the plaintiff recovers pay for his property twice; but the answer to this is that he recovers but once for the wrong done him, and he receives the insurance money upon a contract to which the defendant is in no way privy, and in respect to which his own wrongful act can give him no equities." *Perrott* v. *Shearer*, 17 Mich. 48, 56; 1 Sedg. Dam., *s.* 67.

*Exceptions overruled.*

PARSONS, J., did not sit: the others concurred.